MIRIAM ATHERTON *vs.* WILLIAM HITCHINGS & wife

Under the Rev. Sts. *c.* 119, § 5, twenty years' adverse possession of land sold for nonpayment of taxes under the U. S. Sts. of 1813, *c.* 16, and 1815, *c.* 21, will not bar an action brought by a married woman within ten years after the termination of her coverture.

In a real action by the widow of David Atherton, to recover land devised to her before coverture, the tenant proved that David Atherton was a native of Saugus, and was the only person of the name of Atherton residing in Shirley; and claimed title under a deed made during the coverture by the collector of taxes under the U. S. Sts. of 1813, *c.* 16, and 1815, *c.* 21; and introduced in evidence a list of the lands, belonging to nonresidents, sold by the collector for nonpayment of taxes, among which was " David Austherton of Shirley," " Lynn, Lynnfield or Saugus, one third of property; " the collector's advertisements that he would sell for nonpayment of taxes property in Lynn, Lynnfield or Saugus, belonging to David Austherton of Shirley, and property in Lynn, belonging to David Atherton of Boston; a deed from the collector of one third of the whole property assessed to Daniel Atherton of Shirley, situated and lying in Saugus; and a certificate of commissioners setting off by metes and bounds a parcel of land as said third. *Held,* that there was no evidence to identify the land demanded with that assessed and sold.

WRIT OF ENTRY to recover land in Lynn and Saugus. Plea, nul disseisin. Trial before *Thomas,* J., who directed a verdict for the demandant, subject to the opinion of the whole court upon the following case :

The demandant, who was under coverture as the wife of David Atherton from 1806 till his death within ten years, claimed title under the will of her father, Matthew Hawkes, which was admitted to probate on the 1st of January 1806, and the partition of his real estate in 1808, by which the premises in controversy were set off to her.

The tenants claimed title through mesne conveyances from Edward Jones, collector of taxes under the United States statutes of 1813 and 1815, by whom it was alleged that the premises were sold for nonpayment of taxes assessed thereon ; and in support of their title introduced the following documentary evidence :

1st. This extract, duly certified by the clerk, from the returns made to the United States district court for this district, of the " List of the tracts of land or other real property, sold by Edward Jones, collector of the direct tax for the eleventh collection dis-

trict in the State of Massachusetts, and designated by the secretary of the treasury to receive the taxes from nonresident proprietors of property for the nonpayment of said taxes, which property may be redeemed under the provisions of the 27th and 30th sections of the act of congress passed 9th January 1815 for the assessment and collection of direct and internal duties." " Names of taxable persons on the list received from the collector in whose district property is situated : David Austherton. Where registered : Shirley. Amount of tax and additions : 69 cents. Description, situation and quantity of property sold : Lynn, Lynnfield or Saugus, for one third of the property. Name of owner or supposed owner : David Austherton. When sold : June 23d 1817. Name of purchaser : I. Munroe. Amount paid by purchaser : 69 cents."

2d. Notices, published by the collector on the 13th of March 1815, and the 29th of August 1816, that he had received lists of taxes, under the acts of 1813 and 1815 respectively, remaining due upon property of nonresidents in this county ; and was authorized to receive such taxes on such property within one year from July 15th 1814 and December 31st 1815 respectively, being the dates of his notifications that these taxes had become due.

3d. Advertisements, published on the 8th of January 1816 and the 17th of April 1817, for the sale of the property described therein for nonpayment of taxes, the first of which included the following described property : " Town in which the property lies, and name of taxable person : Lynn, David Atherton. Where resident : Boston. Amount tax : 28 cents. ; " and the second this : " Names of owners and where situated : Lynn, Lynnfield or Saugus : David Austherton. Where resident : Shirley. Tax : 57 cents."

4th. A deed, dated the 28th of October 1820, and duly acknowledged and recorded, from Jones as collector to Israel Munroe, in consideration of sixty nine cents, of " one third part of the whole property assessed to Daniel Atherton of Shirley ; said whole property was valued at one hundred and thirty dollars ; said one third part of said whole property was

sold on the twenty-third day of June one thousand eight hundred and seventeen for nonpayment of the United States direct tax and additions for the year one thousand eight hundred and fifteen, and is situated and lying in the town of Saugus, in the county of Essex and collection district number nine in said State of Massachusetts, which is to be set off conformably to instructions of the treasury department of the 1st July 1814," *habendum* in fee, " saving and reserving any and all right that any infant, person of insane mind, feme covert or person beyond the sea, who may be interested in the premises, may by law have to redeem the premises or any part thereof, after the removal of their respective disabilities, or return to the said States."

5th. A certificate, dated May 17th 1821, of three freeholders of Lynn and Saugus, sworn to " act faithfully and impartially according to their best skill and judgment," that they had appraised and set off one third of the property described in said deed to Munroe, " bounding northerly on the Vinegar Hill Road, so called, there measuring nine rods ; easterly on No. 1 and No. 2 as by the former division, there measuring thirty one rods ; southerly by the river three and a half rods ; westerly on the remaining part of said lot, there measuring about thirty six rods."

6th. Mesne conveyances from Israel Munroe to the tenants.

The tenants also introduced evidence that they had been in the quiet and undisturbed possession of the demanded premises from the 17th of May 1821, to the present time ; and (in explanation of the misnomer of " Daniel Atherton " in the deed of Jones) that David Atherton, the demandant's husband, was the only person by the name of Atherton who lived in the town of Shirley in the years 1815 to 1817 inclusive, and that he was a native of the town of Saugus ; and that due diligence had been used to procure other papers, including the assessor's list, without success.

*D. Peabody*, for the tenants, argued, 1st. That the tenants' being in possession under a deed duly recorded, the demandant's proper remedy was to redeem the premises within two years after removal of her disability, according to the U. S. Sts. of

1813, *c.* 21, § 25, and 1815, *c.* 21, § 30; 2d. That the evidence introduced by the tenants showed a good title in them under the deed of Jones.

*O. P. Lord*, for the demandant.

THOMAS, J.    That the demandant had good title to the premises demanded before the sale by the tax collector is quite plain upon the documentary evidence.

It is equally plain that her right to maintain this suit is not barred by any statute of limitations.    At the time of the disseisin and when the right of entry or of action accrued, she was a married woman, and she brings her action within ten years after her disability was removed by the death of her husband.    Rev. Sts. *c.* 119, §§ 3, 5.

The only question therefore is whether the tenants have a valid title under the deed of Edward Jones and mesne conveyances.

Without adverting to other difficulties in the way of maintaining this title, it is sufficient to say there is nothing in the deed of the collector, the advertisement of the sale, or the return of the collector to the district court, by which we can ascertain or even reasonably conjecture what real estate was assessed, advertised and sold.    There is nothing by which the estate assessed and sold can be identified with the premises demanded. The appraisers' certificate is evidence of the setting off by metes and bounds of one third part of some lot of land.    The lot so appraised is said by the appraisers to be the property described in the deed.    But this statement is but the conjecture of the appraisers as to what property was intended to be conveyed.    The deed describes the property by reference to the assessment, and we have no evidence of the assessment.    A comparison of the deed and the set-off does not identify the property.    The deed conveys the estate, and, either in itself or by reference to the assessment, must describe the land so as to identify it.    U. S. Sts. 1813, *c.* 16, §§ 5, 6, 7, 11, 17, 19, 25; 1815, *c.* 21, *passim.*

*Judgment on the verdict for the demandant.*